GEORGE F. FULLER v. LOUISVILLE GAS CO.

**Gas Meters—Contract to Furnish Gas.**

Where meters furnished to measure gas used are not correct within that degree of accuracy practicable to attain and defendant has charged and collected from plaintiff an amount beyond the gas used, plaintiff is entitled to recover.

**Evidence.**

Before evidence of the quantity of gas used by one tenant in a given house should be allowed to go to the jury to show that another tenant of the same house used a less amount of gas, it should be made to appear that both tenants burned gas for an equal period of time in an equal number of burners, etc., and such evidence will never be allowed to fix the test of the quantity of gas used when the test by meters is as nearly accurate as it is possible for human ingenuity to attain.

**APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.**

April 15, 1875.

OPINION BY JUDGE PRYOR:

The instructions given presented the whole law of the case to the jury. The jury was told for the plaintiff that under the contract, it was the duty of the defendants to furnish, as nearly as practicable, as many feet as it received payment for. By the third instruction, that if the meters of the defendant, used in the measurements of gas to plaintiff, were not correct within that degree of accuracy which was practicable to attain, and that defendant has charged to and collected from plaintiff an amount beyond the gas which he received, they should find for the plaintiff to the extent of such overcharge and collection; and further, that plaintiff's agreement to accept gas by meter measurement does not affect his right to a measurement as nearly correct as practicable. This third instruction explained fully to the jury what was meant by Instruction No. 2, in which they were told that it was the duty of the defendant to measure the gas with reasonable correctness.

It was shown by all the witnesses on the subject that reasonable accuracy in the measurement was not only all that could be required, but all that could be attained, and by most, if not all, who testified on this point, that the meters used were as correct in measuring gas as it was possible to make such instruments. Nor can we perceive any error on the part of the court below in refusing to permit the testimony offered as to the quantity of gas consumed in 1868 and in 1869 to go to the jury. After the meter with which the gas had been measured had been fairly tested, the plaintiff offered to prove that from November, 1868, to April, 1869, the same business had been conducted in the opera house as was conducted from September, 1870, to May, 1871, the last named months constituting the time during which the appellant used appellee's gas; that from November, 1868, to April, 1869, the house required the same average amount of gas and light weekly; and that the same meters, or others similar and tested in the same way, had been used; further, that the defendant's bills for gas during the first measured period varies several thousand feet each month.

It is not shown that the appellant was then the proprietor of the opera house, or had, during that time, contracted for gas from the company; but on the contrary it is to be inferred from what appellant offered to prove that some one else was then controlling the house, and although it is stated that the house required the same light, and that there were the same number of burners used each period, it is not stated that the gas was in fact used the same length of time, or that the party in possession between November, 1868, and 1869, was as careful in shutting off the gas, or in economizing its use, as appellant had been. It was an effort to show that the measurement was incorrect or the meters defective by proving, or offering to prove, that two or three years previous there had been a discrepancy in the gas bills against the proprietor of the same house, without ever stating that the gas had been burned for the same length of time with the same number of burners. The house might have required as much gas, and still not as much have been used. This character of evidence, if even admissible when the facts appear as indicated they should, in order to make them competent, would be entitled to but little weight when compared with the test made by men of science, and were certainly incompetent as offered to the jury.

If the facts offered to be proven were such as they are construed to be by counsel in argument, viz., that the same meters with the

same business and light, for the same length of time, in the same house, and controlled by the proprietor or his agents, in the same manner, made the variance in the measurement suggested, there would then be no reason why such evidence should not go to the jury upon the issue made.  There was no offer to show that the gas was burned the same number of nights, or the same number of hours each night; and to permit such proof would be to measure appellee's gas by the mere opinions of men as to the quantity that would probably be consumed during any given period, and this, by comparing the quantity used by one man during one period, with the quantity used by another in the same house at a different period, but occupying it the same length of time.  Such a test would not be relied on, and there is no reason for adopting it, when there is a test approximating as near accuracy as it is possible for human ingenuity to attain.

The judgment of the court below is therefore *affirmed*.

*M. Mundy, for appellant.*
*Barr & Goodloe, Humphreys, for appellee.*